Milligan, J.,
delivered the opinion of the Court.
This is an attachment bill, filed in the Chancery Court at Nashville, on the 7th of December, 1861, to enforce the payment of four notes, each originally for $1,600, executed by the defendant to the complainant, on the 4th of October, 1859, and respectively due, and payable, in two, three, four and five years. These notes were given for the purchase money of a lot of land in the city of Nashville, sold, and by deed conveyed, to the defendant. On the face of the deed, a lien for the unpaid purchase money was retained, and afterwards, by consent of complainant, the *525 defendant sold, and by deed conveyed, one-half of the original lot to one Thos. C. Burge, for the sum of $3,200, which, was accepted by the complainant, and credited in equal sums of $800 on the four original notes, leaving due and unpaid on all the notes, the aggregate sum of $3,200. The lien specifically reserved on the lot. sold, was relinquished as to the one-half thereof sold to Burge; and this bill is brought to secure and enforce the payment of the remainder of the purchase money, by attachment.
The grounds of the attachment, as laid in the bill, are: “That the defendant absented himself from the State of Tennessee, for the purpose of defrauding his creditors; and the more effectually to carry out the design of the said Davis, to defraud his creditors, he left the State secretly, carrying all such means and effects as he could take, without exciting the suspicion of his neighbors and friends.”
The attachment issued, and was levied on part of the lot previously sold to the defendant, and other lots owned by him in Edgefield. And on the 10tli of May, 1862, during the term of the Chancery Court, at which the process was made returnable, the defendant, Davis, appeared, and filed his plea in abatement to the bill, in which he positively denies the allegations of the bill, set up and relied on as the grounds of the attachment.
After the plea, and during the same Term, the Chancellor, upon the application of the complainant, appointed a receiver to take charge of, and rent out the house and lot attached, and account for the pro- *526 eeeds, etc. The proof taken in the cause, is substantially as follows: In November, 1861, the defendant, being opposed to the late rebellion, left Nashville, and went to Monroe, Louisiana; from thence to Brownsville, in Texas; thence to Havana, New York, and back again to Nashville, about the time the United States military forces occupied the city. He was a merchant, and prior to the time of his departure, he changed his mode of business, and sold for cash, instead, as formerly, on a credit. He drew from the banks his deposits, and left with his wife instructions and authority to receive the proceeds of the sales of goods, as they were made in the store. He is proven to have been “considerably in debt,” and that he left the State without the knowledge of his clerk, with no intention of returning until the city was occupied by the United States military forces.
The Chancellor heard the cause on the plea in abatement, and the proof, and overruled the plea— recognizing the jurisdiction of the Court, and entered a final decree, directing the lots attached to be sold, without redemption; from which an appeal is prosecuted to this Court.
Admitting, for the sake of the argument, that the grounds laid in the bill for the attachment, are in substantial conformity to the requirements of the Statute, and that, after publication, the Court had jurisdiction, it is clear, both upon the general principles of equity pleadings, and the express provisions of the Statute, that the defendant was entitled to make defense before final decree: Story’s Eq. Pl., sec. 708; *527 2 Danl. Ch. Pr., 883, note 2. The Statute provides, Code, sec. 4895: “Upon a plea or demurrer argued and overruled, no other plea or demurrer shall he received, hut the defendant shall answer the allegations of the bill, and in case he fails to do so, by the nest rule day, or by the time prescribed by the Court, the bill may be taken for confessed, or answer enforced by contempt, as if no such plea or demurrer had been filed.”
A plea in the nature of a plea in abatement, was the proper, if not the only remedy to which the defendant could have, in such a case, resorted. The falsity or non-existence of the cause stated as the ground of attachment, is matter of abatement, and is not available after answering to the merits, though denied and not proved: Foster vs. Hall & Eaton, 4 Hum., 346; Norris vs. Ellis, 6 Hum., 463-467.
By the Code, section 3456, authorizing the defendant to incorporate all matters of defense in his answer, does not embrace matters in abatement. They must be plead specially, as is clearly manifested by sections 2901, 2902, 2903. An answer to the merits would have waived the jurisdiction, and necessarily defeated the very object sought to be attained by the plea: Code, sec. 4321. The plea put in issue nothing but the sufficiency of the grounds laid in the bill for the attachment. It tended this issue alone, which was accepted, and proof taken by the complainant to defeat it. The cause was heard upon the issue raised . by the plea, and the Chancellor overruled it, jfind- üwith-out leave to answer, or otherwise put in a/d&fense td: *528 tlie merits, or even judgment pro confesso, proceeded to hear the cause on the merits, and pronounced judgment against the defendant.
This is error. And without discussing the other irregularities relied on in the argument, the decree of the Chancellor must be reversed, and the cause remanded, with leave to the defendant to answer.